## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2697 | **DATE** | May 14, 2008 |
| **CASE TITLE** | Larry Gore (#2007-0000390) vs. Sheriff Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to deduct $10.00 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The clerk is directed to issue summonses for service on Defendants by the U.S. Marshal. The clerk is also directed to send Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■ **[For further details see text below.]**   **Docketing to mail notices.**

### STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, jail officials, have violated Plaintiff's constitutional rights by subjecting him to inhumane conditions of confinement and by acting with deliberate indifference to his health and medical needs. More specifically, Plaintiff alleges that because of the unsanitary environment, as well as the denial of hygiene products and cleaning supplies, staph infections have swept through the population, causing Plaintiff to suffer from painful boils. Plaintiff further charges that the jail is so rodent-infested that mice crawl over him while he sleeps.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $10.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District **(CONTINUED)**

mjm

**STATEMENT (continued)**

Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the court finds that the complaint states colorable causes of action under the Civil Rights Act. An inmate may not be subjected to conditions that expose him to a substantial risk of serious harm to his health or safety. *See, e.g., Estate of Novack ex rel. Turbin v. County of Wood*, 226 F.3d 525, 529 (7th Cir. 2000). Furthermore, prolonged pest infestation may be considered a deprivation sufficient to constitute a due process violation. *Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996). While a more fully developed record may belie Plaintiff's claims, Defendants must respond to the allegations in the complaint.

The clerk shall issue summonses for service of the complaint on Defendants. The clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If either Defendant can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on Defendants' behalf]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.